NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-3065
_____

LAILA ELMIRY,
Appellant

v.

WACHOVIA CORPORATION; WACHOVIA BANK;
WACHOVIA SECURITIES, LLC;
WACHOVIA SECURITIES FINANCIAL NETWORK, LLC;
DIANE VAGILE; RONALD CACHOEIRA
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 2:04-cv-03621)
District Judge: Honorable Peter G. Sheridan
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 3, 2011

Before: RENDELL, CHAGARES and STAPLETON, Circuit Judges

(Opinion filed: February 7, 2011)
_____

OPINION OF THE COURT
_____

PER CURIAM

Laila Elmiry, proceeding pro se, appeals from the District Court's November 16,

2007 order and May 12, 2008 judgment, which collectively dismissed or denied each of

her claims in this employment discrimination case.  For the reasons that follow, we will affirm.

I.

Because we write for the parties, who are familiar with the background of this case, we discuss that background only briefly here.  In November 2004, Elmiry, a Coptic Christian woman who was born in Egypt and came to the United States in 1978, filed a counseled complaint in the Superior Court of New Jersey against Wachovia Corporation, Wachovia Bank, Wachovia Securities, LLC, and Wachovia Securities Financial Network, LLC (hereinafter collectively referred to as "Wachovia").  Elmiry, who had worked for Wachovia and its predecessor companies for at least 11 years prior to her termination in 2003, alleged discrimination, creation of a hostile work environment, intentional infliction of emotional distress, "common law" emotional distress, and breach of contract.  Wachovia removed the case to the District Court on the basis of diversity jurisdiction.  In October 2005, Elmiry, represented by new counsel, filed an amended complaint in the District Court.  That pleading, which named two Wachovia employees as additional defendants, alleged that Wachovia and the additional defendants had subjected Elmiry to a hostile work environment and discriminated against her on the basis of her national origin, ethnicity, religion, gender, and age, in violation of the New Jersey Law Against Discrimination, N.J. Stat. Ann. § 10:5-1 et seq., and Title VII of the Civil Rights Act of

2

1964, as amended, 42 U.S.C. § 2000e et seq.[1]

After the close of discovery, Wachovia moved for summary judgment. On November 16, 2007, the District Court granted the motion in part and denied it in part. In doing so, the court first dismissed the claims against the two individual defendants without prejudice, concluding that Elmiry had failed to serve them within the time prescribed by Fed. R. Civ. P. 4(m).[2] The court then turned to the merits of Elmiry's claims against Wachovia. The court, applying the burden-shifting framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), concluded that Wachovia was entitled to summary judgment as to Elmiry's claims that her termination was the product of discrimination and retaliation. In doing so, the court held that although Elmiry had established a prima facie case of discrimination and retaliation, Wachovia had put forth a legitimate, non-discriminatory reason for terminating her employment — she "printed" a client's name in the signature block of a brokerage application without the client's knowledge — and she had not shown that this proffered reason was merely a pretext for discrimination and/or retaliation. As for her hostile work environment claims, the court

---

[1] As the District Court noted in its November 16, 2007 opinion, age discrimination is not covered under Title VII. Kremer v. Chem. Constr. Corp., 456 U.S. 461, 465 n.4 (1982).

[2] Although Elmiry appears to argue that the two individual defendants were served through Wachovia's counsel, this claim lacks merit. The two individual defendants were not represented by Wachovia's counsel, nor is there any indication that they otherwise authorized Wachovia's counsel to accept service on their behalf. As a result, service could not be effectuated by sending the amended complaint to Wachovia's counsel. See Fed. R. Civ. P. 4(e); N.J. Ct. R. 4:4-4.

3

denied Wachovia's motion for summary judgment, holding that there was a material issue of fact as to whether, in response to Elmiry's allegations that co-workers were harassing her, Wachovia took action "reasonably calculated to prevent further harassment." (See Dist. Ct. Op. of Nov. 16, 2007, at 29.) The court also denied the motion for summary judgment as to Elmiry's claim for punitive damages.

In May 2008, a jury trial was held on Elmiry's remaining claims. At the close of the evidence, the court granted Wachovia's motion for judgment as a matter of law as to her age-based hostile work environment claim. Additionally, her religion-based claim was dismissed and not charged to the jury. As for her remaining claims — those based on her national origin, ethnicity, and gender — the jury returned a verdict in favor of Wachovia on May 12, 2008. That same day, the court entered judgment in favor of Wachovia.[3] Elmiry subsequently filed a pro se motion for a new trial, which the court denied. She now seeks review of the District Court's November 16, 2007 order and May 12, 2008 judgment.[4]

II.

As a preliminary matter, we note that Wachovia has moved to strike three

_____

[3] At some point before the jury retired to deliberate, the parties stipulated that the sole appropriate defendant was Wachovia Bank. As a result, the May 12, 2008 judgment was entered in favor of that entity alone.

[4] We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

4

documents that Elmiry submitted in support of her challenge to the District Court's partial grant of summary judgment. Two of those documents — handwritten notes purportedly made by a Wachovia employee and an excerpt from the "Merck Manual Home Edition" — were not part of the record before the District Court. The third document — an expert report from Cheryl M. Kennedy, M.D., dated December 31, 2007[5] — was not made part of the record until *after* the District Court had granted partial summary judgment. Because none of these documents were before the District Court when it ruled on Wachovia's summary judgment motion, we may not consider them in reviewing that decision. See Union Pac. R.R. Co. v. Greentree Transp. Trucking Co., 293 F.3d 120, 126 (3d Cir. 2002) (stating that "an appellate court may only review the record as it existed at the time summary judgment was entered"). Accordingly, we hereby grant Wachovia's motion to strike, and turn to the merits of Elmiry's appeal.

We first consider Elmiry's challenge to the District Court's partial grant of summary judgment. We exercise plenary review over that decision, and use the same standard applied by the District Court. See Anderson v. Wachovia Mortg. Corp., 621 F.3d 261, 267 (3d Cir. 2010). Under that standard, Wachovia had to show that there was "no genuine issue as to any material fact," and that it was "entitled to judgment as a

---

[5] This report concerns Dr. Kennedy's psychiatric evaluation of Elmiry on February 7, 2007. Although Elmiry seems to allege that Wachovia wrongfully withheld this report until after the District Court had ruled on its motion for summary judgment, the report clearly bears a date of December 31, 2007, and Elmiry has not identified any evidence to support a charge of wrongdoing against Wachovia.

matter of law." <u>See</u> Fed R. Civ. P. 56(c)(2). [6] In determining whether Wachovia met that standard, "we (i) resolve conflicting evidence in favor of the nonmovant, (ii) do not engage in credibility determinations, and (iii) draw all reasonable inferences in favor of the nonmovant." <u>See</u> <u>Fuentes v. Perskie</u>, 32 F.3d 759, 762 n.1 (3d Cir. 1994). Having examined the record, and for substantially the reasons set forth in the District Court's thorough and cogent opinion, we agree with the court's decision to grant summary judgment in Wachovia's favor as to Elmiry's claims of discrimination and retaliation.

As for Elmiry's challenge to the District Court's May 12, 2008 judgment, she alleges that she was not able to present evidence associated with her discrimination and retaliation claims at trial, which "severely weakened the case for hostile work environment and punitive damages and did not give the jury a true picture of all the facts and evidence required to fully evaluate the case." (Pet'r's Opening Br. 22.) Wachovia responds by arguing that Elmiry should be judicially estopped from making this claim because it contradicts the position she took before the District Court. [7] In support of its argument, Wachovia notes the following: (1) the final pretrial order reflected Elmiry's

---

[6] Rule 56 was recently amended, effective December 1, 2010; however, we will apply the version in effect at the time Wachovia moved for summary judgment.

[7] Judicial estoppel is an equitable doctrine that "seeks to prevent a litigant from asserting a position inconsistent with one that she has previously asserted in the same or in a previous proceeding." <u>Ryan Operations G.P. v. Santiam-Midwest Lumber Co.</u>, 81 F.3d 355, 358 (3d Cir. 1996). Judicial estoppel is "an extreme remedy, to be used only when the inconsistent positions are tantamount to a knowing misrepresentation to or even fraud on the court." <u>Chao v. Roy's Constr., Inc.</u>, 517 F.3d 180, 186 n.5 (3d Cir. 2008) (internal

intent to seek to exclude at trial all evidence relating to her termination, (2) the final pretrial order's "Plaintiff's Contested Facts" section did not include any facts relating to her termination, and (3) Elmiry's counsel agreed to the following jury instruction: "Plaintiff's employment at Wachovia ended in 2003 for reasons which are unrelated to this lawsuit." (See Supp. App'x at 333.)

We need not decide whether judicial estoppel might be appropriate here, for Elmiry's challenge to the District Court's May 12, 2008 judgment nonetheless fails on the merits. First, she does not explain how the District Court erred in excluding evidence that she herself seemingly wanted to exclude at the time. Second, she does not show how any excluded evidence would have altered the resolution of her hostile work environment claims.

We have considered the remaining arguments set forth in Elmiry's briefing and conclude that they are without merit. Accordingly, and in light of the above, we will affirm the District Court's November 16, 2007 order and May 12, 2008 judgment.

---

quotation marks and citation omitted).